No. 19,634.

Alonzo Duran *v.* The People of the State of Colorado.
(364 P. [2d] 206)

Decided August 21, 1961.

Mr. Anthony J. Faria, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defend-ant in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error was the defendant in a criminal action brought in the district court of Conejos County, wherein he was charged in two counts with assault with intent to kill and assault with a deadly weapon. He was convicted by jury verdict of the lesser included offense

of simple assault, and sentenced to a year in the county jail. He assigns as error the failure of the court to grant his motion for directed verdict of not guilty and the giving of what he claims to be erroneous instructions, particularly on "self defense."

The defendant, armed with a pistol containing four live cartridges in the cylinder, attended a wedding dance in Antonito. He explains he had the pistol for self-protection "because of many fights in the town." His expectations were fulfilled, and he was in a fight with one of the other guests. Officer DeHerrera, of the Antonito Police Department, separated Duran and the other combatant and warned the defendant against any further disturbance. The defendant, however, returned to the fray, whereupon DeHerrera said he was under arrest and attempted to escort him out of the hall.

Two officers testified that defendant resisted arrest, pulled out a gun from under his coat, and pulled the trigger. The gun failed to fire. Officer DeHerrera used a blackjack on the defendant in attempting to wrest the gun from him, and claimed that during the struggle for the gun the trigger was pulled two more times. On both of these occasions, fortunately, the firing hammer again was opposite an empty chamber, as in the first instance.

Defendant's version, with two other witnesses offering corroborative testimony, was that he was not resisting arrest; that he was set upon by the officer without reason, and that he didn't pull the trigger, although admitting he pulled the gun. He explained that he brandished the gun in self defense because of being set upon without reason by DeHerrera wielding a blackjack. His contention that under these circumstances he is entitled to a directed verdict is answered by a number of cases, including *Bauer v. People,* 103 Colo. 449, 86 P. (2d) 1088, wherein the court said:

"There was a sharp conflict in the evidence. The jurors, who saw and heard the witnesses on the witness stand, were charged with the duty of determining the

credibility of those witnesses and the weight of their testimony. We have no right to interfere with their determination of the facts."

█ The assignments of error as to the instruction given by the court are without merit. Three of them, (a) on the presumption of innocence; (b) on reasonable doubt; (c) the definition of crime; all have been used in Colorado in criminal cases for so many years that the approval of them requires no citation of authorities. As to the instruction on self defense, it followed almost to the letter the instruction approved by this court in *Vigil v. People,* 143 Colo. 328, 353 P. (2d) 82.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.