No. 23991.

JAMES EDWARD SIMMS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(482 P.2d 974)

Decided March 22, 1971.

86

BENTON S. CLARK, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*In Department.*

Opinion by REX H. SCOTT, District Judge.*

PLAINTIFF Simms, hereinafter referred to as defendant, was charged with aggravated robbery. He pleaded not guilty and not guilty by reason of insanity. He was found sane, tried on the merits, and found guilty. In *Simms v. People,* 166 Colo. 278, 443 P.2d 371 (1969), this Court reversed and remanded for a new trial on the sanity issue. This Writ of Error is directed to the verdict and judgment on retrial wherein defendant was again found sane.

The major issues which the defendant contends constitute reversible error are:

1. *The trial court committed prejudicial error in denying defendant's trial motion to reopen peremptory challenges with respect to juror Standlee.*

Juror Standlee was questioned on voir dire examination by counsel on both sides. At the conclusion of this prospective juror's voir dire, defendant passed the panel for cause and accepted the panel as it was then constituted. Subsequently, during the voir dire examination of juror Rohrs, it was brought out, in chambers, that Rohrs' mother-in-law, in 1962 or 1963, was the victim of an assault and battery in Kansas by a man who was later determined to be insane and was committed. Rohrs also advised the court that juror Standlee knew of his mother-in-law's incident. However, he had not discussed the incident with Standlee that day. Rohrs had some question in his mind as to whether he (Rohrs) would be a fair

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

and impartial juror, and he was dismissed for cause. Defense counsel then moved to reopen his right to exercise his peremptory challenge as to juror Standlee. This was denied by the court, and it is defendant's contention that the court's ruling denied him a trial by a fair and impartial jury as guaranteed by Colo. Const. art. II, § 16, and U. S. Const. amend. VI, XIV.

Rule 24 (b) (2) of the Colorado Rules of Criminal Procedure governs the manner in which peremptory challenges are to be executed and provides, in part, as follows:

" * * * Counsel announcing that he desires to waive the exercise of further peremptory challenges as to those jurors then in the box may thereafter exercise peremptory challenges only as to jurors subsequently called into the box without, however, reducing the total number of peremptory challenges available to either side."

This court, in *Nicholson v. People*, 31 Colo. 53, 71 P. 377 (1903), stated that a trial court has the right, upon the showing of good cause, to authorize a defendant to peremptorily challenge a juror even after he has been accepted. That case was decided long before Rule 24 (b) (2) was adopted. There is no provision in the Rule for the trial judge to exercise his discretion, although such a provision is contained in the rules and statutes of other states. While this Court feels that in a proper case the trial judge may properly exercise his discretion and grant a peremptory challenge, it was not an abuse of discretion for the trial judge in the instant case to refuse to do so. The mere fact that juror Standlee might have been aware of a somewhat similar incident that occurred years ago was too remote. Moreover, the juror had previously stated he knew of no reason why he could not be a fair and impartial juror.

2. *The trial court erred in denying defendant's motion to strike the testimony of witness Katz.*

On direct examination, Katz identified People's Exhibit A as a ticket representing the sale of a .22 caliber revolver

which was purchased by a man named James E. Simms, and he gave a description of Simms. On voir dire examination, Katz testified he could not identify the defendant as the purchaser of the gun. The court sustained defendant's objection to the admission of this exhibit, but overruled defendant's motion to strike his testimony, since defendant failed to object to the testimony at the time it was given.

█ While Katz's testimony violated the "best evidence" rule and was subject to objection because of an inadequate foundation, which is conceded by the People, the defendant made no contemporaneous objection, and therefore, he waived his right to raise the issue on appeal. *Moreland v. United States,* 270 F.2d 887 (10th Cir. 1959); *Brown v. People,* 158 Colo. 561, 408 P.2d 981 (1965); 5 *Wharton's Criminal Law and Procedure,* § 2048 (1957). Furthermore, the trial court in the instant case was limited to the sole issue of insanity.

3. *Defendant contends the court erred in limiting his cross-examination of Doctor Draper on two occasions.*

█ The right of cross-examination is a valuable constitutional right guaranteed to all defendants. However, it is within the province of the trial judge to determine the scope and limits of the cross-examination; and except for an abuse of discretion, his rulings will not be disturbed on review. *Silva v. People,* 158 Colo. 326, 407 P.2d 38 (1965); *Archina v. People,* 135 Colo. 8, 307 P.2d 1083 (1957). This Court is satisfied from the record that there was not an abuse of discretion by the trial judge in limiting cross-examination.

4. *Defendant argues that the language of 1965 Perm. Supp., C.R.S. 1963, 39-8-1 (2), which was incorporated in Instruction No. 2, contains the words "depravity" and "obliquity," the definitions of which an average jury would not know. Defendant tendered Instructions which included the definitions of these words as found in Webster's Dictionary. These Instructions were refused by the trial court.*

No error is committed when a trial court submits to the jury an Instruction which is drafted substantially in the language of the statute, and which has been approved by this Court. *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966); *Battalino v. People,* 118 Colo. 587, 199 P.2d 897 (1948); *Shank v. People,* 79 Colo. 576, 247 P. 559 (1926). The words "depravity" and "obliquity," while not used in every day conversation, are well within the comprehension of a jury.

5. *Defendant contended the trial court erred in refusing to tender to the jury the forms of verdicts submitted by the defendant.*

The court submitted the following two forms of verdicts to the jury:

"We, the Jury, being first duly empanelled and sworn in the above case, do, upon our oaths, find the defendant, James Edward Simms, sane at the time of the *alleged* commission of the crime set out in the Information." (Emphasis added.)

"We, the Jury, being first duly empanelled and sworn in the above case, do, upon our oaths, find the defendant, James Edward Simms, insane at the time of the *alleged* commission of the crime set out in the Information." (Emphasis added.)

Other than the absence of the words "alleged" in the forms submitted by the defendant, the forms are identical. The forms of verdicts conform to 1965 Perm. Supp., C.R.S. 1963, 39-8-4 (1), and no error was committed. He was convicted and the conviction affirmed by this Court. The "alleged" commission is now a proven and established fact.

6. *Defendant asserts that the trial court directed defense counsel to refrain from using examples of any sort in final argument, and that this was an undue impairment of defendant's right to make fair comments upon the evidence.*

An examination of the record discloses that the trial judge informed counsel that they were to refrain

from interjecting their own personal opinions as to the defendant's sanity or insanity, although they could state something to the effect that, "I think the evidence has clearly shown that this man is insane."

Although the trial court initially stated that counsel should refrain from citing examples to illustrate their arguments, the record shows that the trial court modified this by stating that counsel could say anything they wanted as long as it constituted comment on the evidence. We are of the opinion that this did not constitute an abuse of discretion by the trial court.

We have reviewed the record and have considered all other contentions raised by the defendant and find them to be without merit. Accordingly, we affirm the judgment of the trial court.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and MR. JUSTICE ERICKSON concur.