## No. 24697

## James Blincoe v. The People of the State of Colorado
(494 P.2d 1285)

Decided March 27, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

James Blincoe, hereinafter referred to as the "defendant," was convicted of burglary and theft. As grounds for reversal, he asserts that the trial court erroneously denied his motion to suppress physical evidence and statements which he made to the police. He also claims that the jury was improperly instructed on the element of specific intent. We affirm the trial court.

The record discloses that during the evening of May 1, 1969, the Rose Hill Skelly station was burglarized, and a cash register, an adding machine, several automobile batteries, and coins from several vending machines were stolen. On May 25, 1969, two police officers received information over the police radio that a cash register and various items which were taken in the burglary could be found at a particular address in Commerce City. The officers proceeded to the address, knocked on the door, and obtained no response. The officers were then informed by some children in the neighborhood

that one of the occupants was in a car in back of the house. The officers then went to the car and observed Roy Williams playing with an adding machine on the front seat. A cash register, which was allegedly covered by a blanket, was lying on the back seat. When the officers saw the cash register, Roy Williams was arrested and taken to the police station. Once at the station, he told the officers that the items belonged to the defendant, who was visiting the Williams' home. The defendant was then arrested and on the following day, after being advised of his rights, signed a statement in which he admitted the burglary of the Rose Hill Skelly station and the theft of the missing items.

Prior to trial, a suppression hearing was held. At the conclusion of the hearing, the defendant's motion to suppress the physical evidence which was seized by the police officers was denied. In denying the motion, the court found that the articles were in plain view and that a warrant was not required. The court also concluded that if a search occurred, it was only undertaken after the officers obtained consent to search from Roy Williams, who was living on the premises. The defendant denies the applicability of both theories and contends that the items were obtained as the result of an illegal search.

■ Suppression was not required in this case primarily because the record failed to support the defendant's contention that the officers were engaged in a search when they observed the adding machine and cash register in plain view. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). To the contrary, the officers' presence on the premises was for the avowed purpose of making inquiry about the stolen articles. Only after the officers failed to find anyone at home *and* were informed that one of the persons who resided in the house was then present in the back yard, did the officers enter the curtilage of the premises. The curtilage concept came from the court's desire to protect not only a citizen's house, but his grounds as well, from intrusions and an invasion of privacy. The police conduct was reasonable under the circumstances

before us, and no claim can be made that a right of privacy was infringed. In this limited factual situation, the officers' presence on the property for the legitimate purpose of making inquiry about stolen goods was justified. *See United States v. Bonds,* 422 F.2d 660 (8th Cir. 1970); *Davis v. United States,* 327 F.2d 301 (9th Cir. 1964). Being legitimately on the property, the officers were entitled to seize any stolen items which were in plain view. *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957 (1970); *Marquez v. People,* 168 Colo. 219, 450 P.2d 349 (1969); *Alire v. People,* 157 Colo. 103, 402 P.2d 610 (1965).

The defendant contends that even if the police officers were legitimately on the premises, the cash register was not in plain view, since it was covered by a blanket. Testimony as to whether the cash register was covered with a blanket was in sharp dispute, and the conflict was resolved against the defendant. Moreover, we are not convinced that a cash register, with its unique shape, is made any less identifiable when it is covered with a blanket.

Furthermore, we agree with the trial court that if a search was conducted, it was legitimated by the consent of Roy Williams. The defendant's only objection to the finding that Roy Williams consented to a search of the car is that Roy Williams was incapable of effectively consenting, because he was only seventeen years old. No cases are cited by defense counsel to support his contention. In our opinion, the fact that one is a minor does not necessarily preclude effective consent, especially where, as here, the person consenting has a greater right in the premises searched than the person who is contesting the legality of the search. *See Gregoire v. Henderson,* 302 F. Supp. 1402 (E.D. La. 1969). *See also, United States v. Thompson,* 421 F.2d 373 (5th Cir. 1970); *Drummond v. United States,* 350 F.2d 983 (8th Cir. 1965).

The defendant's argument that his statements to the police should have been suppressed is predicated on testimony that his statements were coerced and were involuntary. The police consistently denied any threats or coercion, and

the trial court chose to believe the police. The trial court's finding that the statements were made voluntarily is supported by the record and will not be disturbed.

■ The defendant's assertion that the trial court failed to properly instruct the jury on specific intent must also be denied. The instructions were phrased in the language of the statute, and such instructions have been repeatedly upheld by this Court. *See, e.g., Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966). Furthermore, the instructions, when read together, adequately informed the jury of the applicable law. *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298 (1971); *Egle v. People,* 159 Colo. 217, 411 P.2d 325 (1966).

Judgment affirmed.