## No. 25364

## The People of the State of Colorado v. John Westley Bowen
(512 P.2d 1157)

Decided July 30, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Assistant,

for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

John Westley Bowen (defendant) was convicted by a jury in the district court of Delta County of the crimes of burglary and theft. We affirm.

Defendant asserts no argument that the evidence was not sufficient to justify the guilty verdicts and we therefore do not summarize the facts on which the convictions were based. He does, however, contend that the jury was misinstructed in the following particulars.

■ First, it is asserted that the trial court erred in failing to properly instruct the jury regarding the element of specific intent as an essential element of the crimes of theft and burglary. We note, first of all, that counsel for defendant made no objection to the instruction concerning the definitions of the crimes charged. These instructions were framed in the language of the respective statutes. Nor did counsel request or tender any instructions on specific intent.

In *Blincoe v. People,* 178 Colo. 34, 494 P.2d 1285, where identical issues were raised as to the sufficiency of the instructions as to the element of specific intent in relation to burglary and theft charges, we held that instructions which were phrased in the language of the statutes were sufficient. See also, *People v. Gilmer,* 182 Colo. 96, 511 P.2d 494; *Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298. We observe, as in *Blincoe, supra,* that all the instructions when read together adequately informed the jury of the applicable law.

■ Defendant's other contention is also without merit. He argues that the court's instruction on reasonable doubt

was objectionable since it told the jury "not to search for a doubt," thereby undercutting the presumption of innocence. This instruction has been approved over the years in many cases, among which are: *People v. Couch,* 179 Colo. 324, 500 P.2d 967; *Edwards v. People,* 151 Colo. 262, 377 P.2d 399; *Gurule v. People,* 150 Colo. 240, 372 P.2d 88; *Duran v. People,* 147 Colo. 491, 364 P.2d 206; *McQueary v. People,* 48 Colo. 214, 110 P. 210; *Van Wyk v. People,* 45 Colo. 1, 99 P. 1009; *Minich v. The People,* 8 Colo. 440, 9 P. 4. Moreover, counsel for the defendant made no objection to this instruction when given, nor did he request or tender a different instruction which he might have argued would more effectively state the law in connection with reasonable doubt.

We note that the instruction on reasonable doubt has been revised by the Colorado Supreme Court Committee on Uniform Criminal Jury Instructions, and appears as COLJI-Crim. No. 3.4. This, among other new criminal instructions, was approved in principle by this Court for use in our trial courts after September 14, 1972. The approved revision is substantially different from that used in the instant case, and should now be used in the trial courts. The fact of substantial revision, however, does not in any way render invalid the reasonable doubt instruction given in this case.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.