## No. 27215

## The People of the State of Colorado v. Carl R. Martin

(561 P.2d 776)

Decided February 28, 1977. Opinion modified and as modified rehearing denied April 4, 1977.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Thomas P. Casey, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, Alvin D. Lichtenstein, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In this appeal, pursuant to section 16-12-102, C.R.S. 1973, the People seek disapproval of (1) the trial court's dismissal of charges against the defendant for robbery and conspiracy to commit robbery and of (2) an instruction which was given. One of the grounds for dismissal of the robbery count was the court's ruling that the defendant could not be considered a principal under the complicity statute since the person who actually committed the robbery was not named in that count. We disapprove of this ruling, but do not disapprove of the giving of the challenged instruction.

One evening the defendant was driving in Denver accompanied by persons named Rieb and Ward. The defendant parked the car near a liquor store, and Rieb entered the store. Rieb robbed the proprietors of several cartons of cigarettes and cash from the store's register. Rieb reentered the car, and defendant drove off, leading police on a chase through Denver streets. The three were arrested after their car crashed into a guard rail on an I-70 entrance ramp.

A three-count information was filed. Count one charged Rieb with aggravated robbery. Count two charged Ward and the defendant with aggravated robbery. Count three charged all three with conspiracy to commit aggravated robbery. Later, a fourth count against the defendant was filed, charging him as an accessory to aggravated robbery by providing Rieb "with transportation to be used in avoiding discovery and apprehension."

Later, the district attorney was permitted to file a further count against Rieb for simple robbery, to which he entered a plea of guilty. We assume that the other charges against Rieb, were dismissed. The case against Ward was dismissed for failure to establish probable cause at a

preliminary hearing.

The cause went to trial against only the defendant on counts 2, 3, and 4. At the close of the People's case, the court granted defendant's motion for judgment of acquittal under counts 2 and 3, aggravated robbery and conspiracy. The trial continued as to count 4 (accessory). Rieb testified that the defendant had no knowledge that there was to be or had been a robbery until after Rieb reentered the car following the robbery. Rieb further testified that upon reentering the car he ordered the defendant to drive away, giving directions and pointing a gun toward the defendant.

There was inculpatory evidence that, when Rieb asked the defendant to park near the liquor store, he did not park in front of it but rather down the street from it; and that three pairs of gloves, a nylon stocking mask, two cartons of cigarettes and a bag containing money taken from the store were in the car at the time it crashed.

The jury found the defendant not guilty of the accessory charge.

I.

In dismissing count 2, the court stated:

"I was concerned with complicity as to Count 2 but looking at Count 2, Mr. Rieb is not named as a defendant. Therefore, there cannot be any complicity with somebody who is not named as a defendant to commit a robbery."

In order for the defendant to be accountable as a principal under the complicity statute, section 18-1-603, C.R.S. 1973, it must be shown (1) that the principal, Rieb, actually committed the robbery; (2) that defendant had knowledge that Rieb intended to commit the crime; and (3) that defendant aided, abetted or advised Rieb in planning or committing the offense. *People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974). It is immaterial whether Rieb was identified by name in the complicity count against the defendant. *See People v. Jones*, 184 Colo. 96, 518 P.2d 819 (1972); *Britto v. People*, 178 Colo. 216, 497 P.2d 325 (1972); *Mulligan v. People*, 68 Colo. 17, 189 P. 5 (1920). As a consequence, the trial court erred in ruling that, unless the principal was named in the count charging the defendant with aggravated robbery, he could not be considered as a principal under the complicity statute.

II.

The court gave a duress instruction found in *Colorado Jury Instructions* (Criminal) 7:9, which reads as follows:

"It is an affirmative defense to the crime of accessory to crime that the defendant engaged in such conduct because of the use or threatened use of unlawful force upon him or upon another person, which force or threatened use thereof, a reasonable person in his situation would have been unable to resist.

"This defense is not available when a person intentionally or recklessly places himself in a situation in which it is foreseeable that he will be

subjected to such force or threatened use thereof."

The court also gave the challenged instruction which follows:

"The Defendant, CARL R. MARTIN, contends that his driving of the car from the scene of the liquor store robbery to the scene where the car crashed was not a purely voluntary act, but rather was occasioned by his fear or apprehension that any failure to comply with DAVID RIEB'S demands could result in an imminent private injury, to wit, a great risk of being shot by RIEB, and he further contends that he voluntarily did nothing to place himself in that predicament. He further contends that the situation in which he found himself was so serious a risk and of sufficient gravity that he chose to break the law forbidding giving assistance to one who has committed a crime rather than take the chance of being shot and thereby incurring either serious bodily injury or death. If from all the evidence you find, that based on ordinary standards of intelligence and morality, the Defendant was justified in this belief and the subsequent actions he took as a result of this belief, this constitutes an affirmative defense to the crime charged, and you must find him not guilty."

This instruction was merely an elaboration upon, and repetitive of, the instruction on duress. While defendant's theory of the case was presented sufficiently in the duress instruction, the court had the discretion to give the latter instruction, and did not err in doing so.

### III.

In the answer brief, defense counsel made the statement that "there was no substantial evidence that Defendant knew of the robbery until after it occurred." In the reply brief the district attorney took great issue with this statement. At oral argument, the two sides argued concerning sufficiency of evidence.

The matters to which the district attorney addressed himself in this appeal, as set forth in his opening brief, were as indicated at the commencement of this opinion, i.e., the error under the complicity statute and the giving of an instruction. There was a bare mention of sufficiency of evidence, but that was in connection with the argument relating to the complicity statute.

When the People appeal under section 16-12-102, C.R.S. 1973, upon a question of law following an acquittal, they should enumerate in their opening brief the erroneous rulings of which complaint is made. We will direct our attention only to such issues so mentioned, unless manifest error appears. The issue of sufficiency of evidence is a close one and, particularly in light of the defendant's acquittal as an accessory, we do not rule upon the issue untimely presented.

Ruling disapproved as above set forth