570 P.2d 1303 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Richard Edward LUNDBORG, Defendant-Appellant.
No. 76-746.
Colorado Court of Appeals, Div. 3.
July 14, 1977.
As Modified On Denial of Rehearing August 25, 1977.
*1304 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Walter L. Gerash, P.C., Jeffrey A. Springer, Denver, for defendant-appellant.
KELLY, Judge.
The defendant was convicted in August 1976, of five counts of felony menacing as defined by § 18-3-206, C.R.S. 1973. He contends on appeal that the trial court erred in refusing his tendered instructions that, although intoxication is not a defense to a criminal charge, it may nevertheless be considered by the jury in determining whether the defendant had the requisite specific intent to commit the crime of felony menacing. We agree that the trial court should have so instructed the jury, and, therefore, reverse the convictions.
The People concede, and we agree, that there is abundant evidence in the record of the defendant's intoxication at the time he committed the acts which form the basis for these charges. It is thus evident that the tendered instructions should have been given, See People v. Cornelison, Colo., 559 P.2d 1102 (1977); §§ 18-1-804(1) and 18-1-805, C.R.S. 1973, if the crime of felony menacing, as defined in § 18-3-206, C.R.S. 1973, is a specific intent crime. We hold that it is.
Section 18-3-206, C.R.S. 1973, defines menacing as follows:
"A person commits the crime of menacing if, by any threat or physical action, he intentionally places or attempts to place another person in fear of imminent serious bodily injury."
Section 18-1-501(5), C.R.S. 1973 (1976 Cum. Supp.) provides:
"A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."
These statutory provisions compel the conclusion that felony menacing is a specific intent crime. See People v. Cornelison, supra.
The trial court refused the defendant's tendered instructions on menacing and on the affirmative defense of intoxication, which were in the form recommended by Colo. J.I.Crim. 10:15 and 7:13, respectively. Further, the trial court instructed the jury concerning culpable mental state in the language of Colo. J.I.Crim. 6:1, rather than defining specific intent as suggested in Colo. J.I.Crim. 6:2. These deficiencies in the instructions constitute reversible error. The jury should have been advised not only that menacing is a specific intent crime, but also that voluntary intoxication may negate the element of specific intent, there being evidence in the record to support such an instruction.
We have reviewed the record in light of the defendant's challenge to the sufficiency of the evidence, and find his contentions to be without merit. Inferences to be drawn from the evidence are for the jury and not this court. People v. Medina, 185 Colo. 183, 522 P.2d 1233 (1974). There is sufficient evidence in this record to allow the jury to conclude that Lundborg *1305 had the capacity to form the specific intent required by the statute and that he did so.
The judgment is reversed and the cause is remanded for a new trial.
SILVERSTEIN, C. J., and ENOCH, J., concur.