## No. 27361

### The People of the State of Colorado v. Joseph George Pepper

(568 P.2d 446)

Decided August 29, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for plaintiff-appellee.

Williams, Turner & Holmes, J. D. Snodgrass, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant was convicted by a jury in the Mesa County District Court of second-degree burglary, section 18-4-203, C.R.S. 1973, and theft of less than fifty dollars, section 18-4-401(3.1), C.R.S. 1973 (1976 Supp.). These charges arose from defendant's involvement, along with seven other persons, in the burglary of a Circle K Store on September 5, 1975. We affirm.

At trial, the People called Thomas Eugene Romero, who had been arrested with defendant. Romero testified that he and several friends, including defendant, had gone to the Circle K Store on the night in question. Romero, however, claimed that he was unable to remember whether defendant had suggested the burglary or had entered the store.

The district attorney then asked Romero whether he gave statements about the incident to Officer Lester Johnson and to James Cheney of the Weld County Probation Department. Romero recalled talking to Johnson but not to Cheney. At this point, the court conducted an *in camera* hearing on the admissibility of Romero's prior inconsistent statements under section 16-10-201, C.R.S. 1973. The court rejected defendant's claim that this statute violated his right to confront witnesses against him and held that Romero's statements were admissible under the statute.

Again, in the jury's presence, the district attorney asked Romero whether he remembered telling police officers that defendant entered the store during the burglary. Romero admitted making this statement. Romero denied, however, giving a statement in Cheney's office on October 9, 1975, about the incident. Defense counsel declined to cross-examine Romero.

The district attorney then called James Cheney, who recounted his conversation with Romero on October 9, 1975. Cheney testified that on that date Romero stated that defendant and another person initiated the discussion of the robbery and convinced another companion to participate, and that defendant himself entered the store.

At the close of the evidence, defense counsel objected to instruction 10, based on section 18-1-603, C.R.S. 1973 (complicity), on the ground that the complaint did not specifically charge defendant with complicity. The jury returned guilty verdicts on both counts, and defendant appeals.

Defendant argues that the district court erred in (1) allowing the district attorney to impeach his own witness, Thomas Eugene Romero, with prior inconsistent statements; (2) refusing to hold section 16-10-201, C.R.S. 1973, unconstitutional; and (3) instructing the jury that defendant could be convicted as a complicitor.

## I.

■ Section 16-10-201 provides that the prior inconsistent statement of a witness in a criminal trial is admissible as substantive evidence if

"(a) The witness, while testifying was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and

"(b) The previous inconsistent statement purports to relate to a matter within the witness's own knowledge."

Defendant does not suggest that the statute's prerequisites for admission of Romero's prior statements were not satisfied, nor does he contend that Romero's prior statements were not in fact inconsistent with his trial testimony. Rather, defendant maintains that since the district attorney was not surprised by Romero's testimony he should not have been permitted to call him as a witness to impeach him, citing *Gaitan v. People*, 167 Colo. 395, 447 P.2d 1001.

■ Defendant's reliance on *Gaitan* is misplaced, since *Gaitan* was decided before section 16-10-201 was enacted, eliminating surprise as a prerequisite to impeachment of a party's own witness. Once the statutory foundation has been laid, as was done here, a witness' prior inconsistent statements become admissible without a showing of surprise or hostility. *People v. Bastardo*, 191 Colo. 521, 554 P.2d 297; *People v. Hawthorne*, 190 Colo. 437, 548 P.2d 124.

## II.

■ Defendant next argues that section 16-10-201 denies his constitutional right, secured by *U.S. Const.* amend. VI and *Colo. Const.* Art. II, Sec. 16, to confront witnesses against him. The United States Supreme Court substantially answered this contention in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489. In considering a California statute very similar to section 16-10-201, the Court said:

"* * * [T]he Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories."

*See People v. Bastardo, supra.*

Defendant responds that Romero's expressed inability to recall the details of the incident which provided the basis for his prior inconsistent statements meant that he did not "[open] himself to full cross-

examination at trial as to both stories." *California v. Green, supra.*

While the majority in *Green* expressly reserved this question, Justice Harlan's concurring opinion states his view that a witness' memory loss does not deny a defendant's Sixth Amendment confrontation right in this situation. Justice Harlan reasoned, "The prosecution has no less fulfilled its obligation [to have witness available for cross-examination] simply because a witness has a lapse of memory."

Several courts have followed Justice Harlan's lead. These courts have held that where a witness takes the stand and is available for cross-examination, the witness' actual or feigned memory loss regarding prior inconsistent statements does not violate a defendant's confrontation right. *United States ex rel. Thomas v. Cuyler,* 548 F.2d 460 (3d Cir. 1977); *United States v. Infelice,* 506 F.2d 1358 (7th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802; *United States v. Insana,* 423 F.2d 1165 (2d Cir. 1970), *cert. denied,* 400 U.S. 841, 91 S.Ct. 83, 27 L.Ed.2d 76; *State v. Lenarchick,* 74 Wis.2d 425, 247 N.W.2d 80. This is true even where the witness' memory loss is total. *United States v. Payne,* 492 F.2d 449 (4th Cir. 1974), *cert. denied,* 419 U.S. 876, 95 S.Ct. 138, 42 L.Ed.2d 115. We adopt this view.

## III.

Finally, defendant argues that since he was not specifically charged in the complaint with complicity, the district court erred in instructing the jury on complicity. Defendant reasons that the addition of the element of "the intent to promote or facilitate the commission of the offense," Colo. Sess. Laws 1971, ch. 121, 40-1-703 at 406, now section 18-1-603, C.R.S. 1973, transformed complicity into a separate offense which must be charged in the complaint.

This contention is unsound. Even under the former accessory statute, C.R.S. 1963, 40-1-12, the specific intent to aid or encourage the commission of the offense was an element of complicity. *People v. Storr,* 186 Colo. 242, 527 P.2d 878; *People v. Marques,* 184 Colo. 262, 520 P.2d 113. The legislature did not make complicity a separate offense by merely codifying existing case law. We hold that under section 18-1-603, as before, one charged as a principal may be tried and convicted as a complicitor. *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446; *Fernandez v. People,* 176 Colo. 346, 490 P.2d 690. The district court did not err in instructing the jury that defendant could be convicted as a complicitor.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.