The PEOPLE of the State of Colorado, Petitioner-Appellee,

v.

R. V., Respondent-Appellant.

No. 78–1019.

Colorado Court of Appeals, Div. II.

Nov. 29, 1979.

Rehearing Denied Dec. 28, 1979.

Certiorari Granted Feb. 19, 1980.

Joseph E. Losavio, Jr., Dist. Atty., Stephen A. Jones, Deputy Dist. Atty., Pueblo, for petitioner-appellee.

J. Gregory Walta, Colorado State Public Defender, Denver, Steven K. Jacobson, Deputy State Public Defender, Pueblo, for respondent-appellant.

RULAND, Judge.

Respondent appeals from the juvenile court's adjudication that he is a delinquent child. The adjudication was based upon a jury verdict determining that the respondent was a complicitor in a motor vehicle theft, which, if committed by an adult, would have been a crime. See § 18–4–409(4), C.R.S.1973. We reverse and remand for a new hearing.

Evidence presented at trial established that Ruben Velasquez, Jr., drove his father's car to a high school on the morning of September 26, 1977, parked it in the school lot, locked it, and then attended class. Upon returning to the lot later in the afternoon, he found the car missing. Velasquez, Jr., testified that his car could be started without a key, but that he had not given respondent permission to use the car.

The next day, a police officer was dispatched to investigate the report of an abandoned vehicle, which he located off the roadway in a ravine. Driving further up the ravine, the officer observed the Velasquez vehicle being driven away. Both the front and back windows of the vehicle had been knocked out. A record check indicated that the car had been reported stolen. Accordingly, the officer stopped the car and arrested both the driver and the respondent, the front seat passenger.

On appeal, the respondent contends that the trial court erred in instructing the jury both as to his affirmative defense of mistake and as to the intent required to establish respondent's involvement as a complicitor.

## I. The "Mistake" Instruction

Respondent testified that he thought the Velasquez car had been abandoned. Section 18–1–504, C.R.S.1973 (1978 Repl. Vol. 8), defines the scope of the affirmative defense of mistake as follows:

"(1) A person is not relieved of criminal liability for conduct because he engaged in that conduct under a mistaken belief of fact, unless:

(a) It negatives the existence of a particular mental state essential to commission of the offense . . . ."

■ Over respondent's objection, the trial court instructed the jury that: "It is an affirmative defense to the crime of motor vehicle theft that the conduct was engaged in under a mistaken belief of fact if the respondent had a *reasonable* belief that the motor vehicle had been abandoned." (emphasis added) We agree with respondent that insertion of the word "reasonable" in the jury instruction constituted reversible error.

Colorado's statute is similar to that adopted in other jurisdictions. *See e. g.*, 47 Cal. Penal Code § 26 (West 1979, Cum. Supp.); 39 N.Y. Penal Law § 15.20 (McKinney 1970), and Model Penal Code § 2.04 (Proposed Official Draft 1962). However, as opposed to other affirmative defenses, *see* §§ 18–1–703 through 18–1–707, C.R.S. 1973, there is no requirement in the statute that the mistake be reasonable. Further, insertion of the word "reasonable" effectively modifies the statute so as to require an objective standard rather than a subjective one. Thus, the court's instruction violated the requirement of the statute. *See People v. Johnson*, 193 Colo. 199, 564 P.2d 116 (1977); *People v. Kanan*, 186 Colo. 255, 526 P.2d 1339 (1974).

## II. The "Complicity" Instruction

Pursuant to § 18–1–603, C.R.S.1973 (1978 Repl. Vol. 8), one is "legally accountable as a principal" for the criminal conduct of another if "*with the intent to* promote or facilitate the commission of the offense, he aids, abets, or advises the other person . . . ." (emphasis added) Relying upon the reference to "intent" in the stat-ute, the respondent requested, but the trial court refused, an instruction to the jury regarding the definition of "intentionally" and "specific intent." *See Colo.J.I.Crim.* 6:1(1) and 6:2. We conclude that the jury must be instructed on specific intent.

■ Instructions defining general intent are not sufficient when the crime is one requiring a specific intent. *See People v. Mingo*, 181 Colo. 390, 509 P.2d 800 (1973); *Gonzales v. People*, 166 Colo. 557, 445 P.2d 74 (1968). "The terms 'offense' and 'crime' are synonymous and mean a violation of, or conduct defined by, *any state statute* for which a fine or imprisonment may be imposed." Section 18–1–104(1), C.R.S.1973 (1978 Repl. Vol. 8). (emphasis added) And, a person "is guilty of an *offense* if it is committed by the behavior of another person for which he is legally accountable . . . ." Section 18–1–601, C.R.S.1973 (1978 Repl. Vol. 8). (emphasis added)

■ Our Supreme Court has held that in order to convict under a complicity theory:

"[T]he prosecution must prove that (1) the principal committed the crime . . . (2) the accessories had knowledge that the principal intended to commit the crime, and (3) having this knowledge, the accessories did in fact aid or encourage, with the *specific intent* to so aid or encourage, the principal in the commission of the crime." (emphasis added)

*People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974); *see also People v. Pepper*, 193 Colo. 505, 568 P.2d 446 (1977). Similarly, § 18–1–501(4), C.R.S.1973 (1978 Repl. Vol. 8), defines any offense with a culpability requirement of "intent" to be a specific intent crime. Therefore, the jury should have been instructed regarding the definition of specific intent. *See People v. Lundborg*, 39 Colo.App. 498, 570 P.2d 1303 (1977). However, it would not then be necessary to instruct the jury as to the definition of "intentionally." *See Colo.J.I.Crim.* 6:2 (Notes on Use).

■ We have considered respondent's contention that the evidence presented was insufficient to warrant submission of the

case to a jury and find that this contention lacks merit. *People v. Lundborg, supra.* The other allegations of error relate to issues which will not arise upon retrial, and thus, those issues are moot.

The judgment is reversed and the cause remanded for a new trial.

SILVERSTEIN and VAN CISE, JJ., concur.