The PEOPLE of the State of
Colorado, Petitioner,

v.

R. V., Respondent.

No. 80SC15.

Supreme Court of Colorado,
En Banc.

Oct. 26, 1981.

J. E. Losavio, Jr., Dist. Atty., Stephen A. Jones, Deputy Dist. Atty., for petitioner.

J. Gregory Walta, Colorado State Public Defender, Steven K. Jacobson, Deputy State Public Defender, for respondent.

LEE, Justice.

Respondent, R.V., a juvenile, was tried and convicted of motor vehicle theft, section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8), and was adjudicated a "delinquent child," section 19–1–103(9), C.R.S.1973 (1978 Repl.

Vol. 8).[1] The court of appeals reversed the judgment and remanded for a new trial. *People v. R.V.*, 43 Colo.App. 349, 606 P.2d 1311 (1979).

We granted certiorari to review the holding of the court of appeals that the complicity instructions given by the trial court were insufficient to properly advise the jury on the law of complicity. Sections 18–1–601 and 18–1–603, C.R.S.1973 (1978 Repl.Vol. 8). We reverse the holding of the court of appeals on that issue.

The jury was instructed on the elements of complicity as follows:

"A person is guilty of an offense if it is committed by another person for whom he is legally accountable. A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises such other person in planning or committing the offense." *Colo.J.I.* (Crim.) 6:5.

■ The instruction substantially embodies the language of sections 18–1–601 and 18–1–603, C.R.S.1973 (1978 Repl.Vol. 8). The respondent tendered instructions defining the elements of "specific intent" and "intentionally or with intent" contending they were necessary to fully define complicity. *See Colo.J.I.* (Crim.) 6:1(1) and 6:2. The trial judge refused to give the definitional instructions.[2] The court of appeals reversed, holding that the jury should have been instructed regarding the definition of "specific intent," section 18–1–501(4), C.R.S. 1973 (1978 Repl.Vol. 8). This ruling was based on language found in *People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974). We do not agree with the court of appeals.

■ In order to convict a defendant, every element of a charged offense must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25

---

1. A summary of the events giving rise to the charges filed against respondent, R.V., is set forth in the opinion of the court of appeals and is not material to the issue for decision on this review.

2. The trial court properly gave the instruction defining "knowingly" as the *mens rea* element of the underlying substantive offense with which the respondent was charged.

L.Ed.2d 368 (1970) and *People v. Hardin,* Colo., 607 P.2d 1291 (1980). For this reason a defendant is entitled to instructions on every element of the substantive offense of which he is charged. *See People v. Hardin, supra.*

Complicity, however, is not a separate and distinct crime or offense under the existing Criminal Code. *People v. Pepper,* 193 Colo. 505, 568 P.2d 446 (1977).[3] An offense is defined under section 18–1–104, C.R.S.1973 (1978 Repl.Vol. 8), as follows: "The terms 'offense' and 'crime' are synonymous and mean a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed." No fine or imprisonment may be imposed for complicity, since it is merely a theory of law by which a defendant becomes accountable for a criminal offense committed through the conduct of another. *People v. Pepper, supra.* The punishment is imposed for the underlying crime, in this case, theft, and not for complicity.

Under a theory of complicity, "[a] person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises the other person in planning or committing the offense." Section 18–1–603, C.R.S.1973. "A person is guilty of an offense if it is committed by the behavior of another person for which he is legally accountable as provided in sections 18–1–602 to 18–1–607." Section 18–1–601, C.R.S.1973.

Our statute defining the various culpable mental states is expressly made applicable to "offenses." Section 18–1–501, C.R.S.1973. Since complicity is not a substantive crime, the statutory definitions of *mens rea* do not apply. Thus, the tendered jury instructions defining the *mens rea* elements of "specific intent" and "intentional-ly or with intent" requested by the respondent are not applicable to or a necessary element of the definition of complicity.

The descriptive language in the complicity statute "with intent to promote or facilitate," is not statutorily defined. We have often held that an instruction basically in the language of the statute may be sufficient in the absence of additional statutory definitions. *People v. Crawford,* 191 Colo. 504, 553 P.2d 827 (1976); *People v. Bowen,* 182 Colo. 294, 512 P.2d 1157 (1973); *People v. Gilmer,* 182 Colo. 96, 511 P.2d 494 (1973); *Blincoe v. People,* 178 Colo. 34, 494 P.2d 1285 (1972); *Mathis v. People,* 167 Colo. 504, 448 P.2d 633 (1968). We do not think it necessary to inject a non-statutory definition into the instruction on complicity. In our view, the words "with intent to promote or facilitate" are not words of uncommon meaning which are apt to be misunderstood by a jury and therefore require further definition. *See Simms v. People,* 174 Colo. 85, 482 P.2d 974 (1971). Accordingly, we hold that it was not error for the trial court to deny the tendered instructions on "specific intent" and "intentionally or with intent."

The holding of the court of appeals as to the trial court's instruction on complicity is reversed. However, since there was an independent ground for granting a new trial, which is not challenged in this appeal, the case was properly remanded by the court of appeals to the trial court for a new trial.

ERICKSON, DUBOFSKY and QUINN, JJ., dissent.

QUINN, Justice, dissenting:

I respectfully dissent. Complicity, as defined in section 18–1–603, C.R.S.1973 (1978 Repl.Vol. 8), requires the specific intent to promote or facilitate the commission of the crime for which assistance or advice is given. I do not believe the legislature

---

**3.** Under the predecessor statute, section 40–1–12, C.R.S.1963, an accessory was "deemed and considered as principal and punished accordingly." In contrast, under section 40–1–13, C.R.S.1963, an accessory during the fact and an accessory after the fact were substantive of-fenses and punishable as such. The offenses of accessory during and after the fact were repealed by the adoption of the Criminal Code which redefined the offense as accessory to crime in section 18–8–105, C.R.S.1973 (1978 Repl.Vol. 8).

intended the requisite "intent" for complicity to carry any meaning other than that attributed to the terms "intentionally" and "with intent" in section 18–1–501(5), C.R.S. 1973 (1978 Repl.Vol. 8). Because the trial court refused the respondent's tendered instruction which defined "intentionally" in accordance with section 18–1–501(5), the jury in this case was permitted to return a guilty verdict without being adequately apprised of the *mens rea* necessary for guilt.

The respondent was prosecuted and convicted on the basis of the complicity principle of criminal responsibility. Complicity is not a separate and independent crime. Rather, it is a form of vicarious or associational responsibility by which a person is held criminally responsible for the conduct of another. *See* section 18–1–601, C.R.S. 1973 (1978 Repl.Vol. 8). The statutory definition of complicity in section 18–1–603 reflects a legislative decision to punish with equal severity as a principal anyone who aids or counsels another in the commission of a crime. In defining complicity, however, the legislature expressly recognized that the critical factor in imputing criminal responsibility under this doctrine is the offender's "intent to promote or facilitate the commission of the offense." In this respect, the statutory definition is consistent with the prevailing judicial doctrine on complicity, which requires a purposive attitude or conscious objective on the part of the offender towards the completion of the crime. *See, e. g., Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); *Roth v. United States,* 339 F.2d 863 (10th Cir. 1964); *United States v. Peoni,* 100 F.2d 401 (2d Cir. 1938). Our cases construing the former accessory statute, C.R.S. 1963, section 40–1–12, recognize this precept of criminal liability, *e. g., People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974); *Harris v. People,* 139 Colo. 9, 335 P.2d 550 (1959), as do our more recent cases construing the present complicity statute, *e. g., People v. Larson,* 194 Colo. 338, 572 P.2d 815 (1977); *People v. Martin,* 192 Colo. 491, 561 P.2d 776 (1977). Notwithstanding this persuasive precedent, the majority holds that although the element of intent to promote

or facilitate the commission of the crime is a necessary ingredient of the complicity principle, a jury instruction defining the meaning of "intentionally" or "with intent" is "not applicable to or a necessary element of the definition of complicity." Such a conclusion is contrary to the plain meaning of section 18–1–603.

When the legislature intended to define criminal responsibility in terms of a culpability required for some overriding crime, it has done so without equivocation. For example, criminal attempt, section 18–2–101(1), C.R.S.1973 (1978 Repl.Vol. 8), requires the offender to act "with the kind of culpability otherwise required for commission of an offense." Clearly, the legislature would not have injected into the statutory definition of complicity the terms "with intent to promote or facilitate the commission of the offense" unless it intended these terms as essential to criminal responsibility under the complicity principle. The reason for the *mens rea* of "intent" is obvious. One might aid, abet or advise another in the performance of certain acts, without necessarily possessing the specific intent or conscious objective thereby to promote or facilitate the commission of a crime. It is the *mens rea* element of complicity which serves to distinguish innocent or arguably suspicious behavior, on the one hand, from criminal conduct on the other.

The requirement of a higher degree of culpability for vicarious or associational responsibility is not unique to complicity. The crime of conspiracy requires a specific intent to promote or facilitate the commission of a crime, even though the crime which is the object of the conspiracy is not a specific intent offense. Section 18–2–201(1), C.R.S.1973 (1978 Repl.Vol. 8). Likewise, both criminal solicitation, section 18–2–301(1), C.R.S.1973 (1978 Repl.Vol. 8), and accessory, section 18–8–105(1), C.R.S.1973 (1978 Repl.Vol. 8), require a specific intent, regardless of the culpability element of the crime to which the solicitation or the rendering of assistance is directed.

In this case, the only *mens rea* defined for the jury was "knowingly." Although

"knowingly" is essential to theft, section 18–4–401(1), C.R.S.1973 (1978 Repl.Vol. 8), it is the respondent's state of mind, not the state of mind of the actual thief, which is determinative of criminal responsibility under the complicity principle. Acting "knowingly" with respect to conduct or circumstance requires an awareness that one's conduct is of such a nature or that a particular circumstance exists and, in the case of result, an awareness that one's conduct is practically certain to cause the result. Section 18–1–501(6), C.R.S.1973 (1978 Repl.Vol. 8). As defined in section 18–1–501(6), C.R.S.1973 (1978 Repl.Vol. 8), "knowingly" is both qualitatively distinct from and less culpable than the *mens rea* of "intentionally." "A person acts 'intentionally' or 'with intent' when his conscious objective is to cause the result proscribed by the statute defining the offense." Section 18–1–501(5), C.R.S.1973 (1978 Repl.Vol. 8). The court's instruction on "knowingly" failed to convey to the jury the culpable mental state necessary for a conviction under the complicity principle.

Today's holding runs counter to the long line of decisions from this court holding that the failure to instruct the jury on the essential culpable mental state of a crime is reversible error. *See, e. g., People v. Martinez*, Colo., 634 P.2d 26 (1981); *People v. Curtis*, Colo., 627 P.2d 734 (1981); *People v. Hardin*, Colo., 607 P.2d 1291 (1980). These same decisions require the reversal of the respondent's conviction here. Accordingly, I would affirm the court of appeals' reversal of the respondent's conviction due to the trial court's failure to define the culpability requirement for criminal responsibility under the complicity principle.

I am authorized to say that ERICKSON and DUBOFSKY, JJ., join me in this dissent.