The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Caleb THOMPSON, Defendant-Appellee.

No. 81SA435.

Supreme Court of Colorado,
En Banc.

Dec. 20, 1982.

Robert J. Gallagher, Jr., Dist. Atty., Catherine P. Richardson, Deputy Dist. Atty., Littleton., for plaintiff-appellant.

J. Gregory Walta, Colo. State Public Defender, Denver, Shelley Gilman, Deputy State Public Defender, Littleton, for defendant-appellee.

ERICKSON, Justice.

The prosecution has appealed pursuant to section 16–12–102, C.R.S.1973 (1978 Repl. Vol. 8). Following a preliminary hearing, the district court dismissed charges against Caleb D. Thompson because the evidence was insufficient to establish probable cause. We remand to the district court for a determination of whether the evidence supported a charge of complicity which would cause the charges against the defendant to be reinstated. Section 18–1–603, C.R.S.1973 (1978 Repl. Vol. 8).

Although we may well have reached a different conclusion as to the sufficiency of the evidence, we have discouraged the use of section 16–12–102 as a means for reviewing the sufficiency of the evidence. We do not retreat from our statement in *People v. Waggoner,* 199 Colo. 450, 610 P.2d 106 (1980):

"At a preliminary hearing, the trial court ruled that the evidence presented by the prosecution did not establish probable cause and thereupon dismissed an assault charge. This appeal by the prosecution is no more than an advocate's dispute with a trial court's determination of the sufficiency of the evidence. Such appeals have been strongly discouraged. *See People v. Martinez,* 198 Colo. 577, 603 P.2d 944 (1979); *People v. Berry,* 198 Colo. 258, 598 P.2d 1044 (1979); *People v. Chmielewski,* 187 Colo. 268, 529 P.2d 1337 (1975); *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971)."

In our view, however, the district court overlooked or ignored section 18–1–603, C.R.S.1973 (1978 Repl. Vol. 8), which provides:

"A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises the other person in planning or committing the offense."

Accordingly, we remand to the district court for consideration of the complicity statute and for possible reinstatement of the charges. *See People v. R.V.,* 635 P.2d 892 (Colo.1980); *People v. Larson,* 194 Colo. 338, 572 P.2d 815 (1977); *People v. Pepper,* 193 Colo. 505, 568 P.2d 446 (1977). The most cursory reading of the cases cited will indicate that it is not necessary to charge the crime of complicity separately. A review of the charges, together with a brief synopsis of the evidence, reflects the reason for our remand and directions to the district court.

An information was filed charging Brian Andrew Ash, Michael A. Ryan, Caleb D. Thompson, and Mark A. Kelley with robbery, assault, and criminal mischief. Specifically, the defendant, Caleb D. Thompson, was charged with assault in the first degree, section 18–3–202(1)(d), C.R.S.1973 (1978 Repl. Vol. 8), simple robbery, section 18–4–301, C.R.S.1973 (1978 Repl. Vol. 8), and criminal mischief, section 18–4–501, C.R.S.1973 (1978 Repl. Vol. 8). At the conclusion of the preliminary hearing the district court concluded that there was not probable cause to believe that the defendant, Caleb D. Thompson, committed the offenses with which he was charged. Four witnesses were called by the prosecution to establish that the defendant participated in the commission of the crimes of assault, robbery, and malicious mischief.

The uncontradicted facts before us are that Robert Johnson and Donald Patterson were sleeping in an automobile near Deckers, Colorado. Johnson testified that he was awakened at about 3:00 a.m. by the sound of rocks hitting his car windows. When the windows were broken Michael Ryan told Johnson to give him his money. When Johnson refused, he was dragged from his car and severely beaten by a number of individuals, including the defendant, Caleb Thompson, and the defendant, Michael Ryan. Johnson testified that when he was taken to a hospital in an ambulance he no longer had $30 that was in his possession prior to the attack. He also said that all of the windows in his car were smashed, that

there was damage to the roof of the car, and that the headlights were broken. As a result of the assault, he suffered multiple facial lacerations, a bruised liver, fractured ribs, and a partially collapsed lung.

Donald Patterson, the other victim, confirmed Johnson's story. He said that he was awakened by rocks crashing through the windows of the car and that both he and Johnson were dragged out of the car and beaten. Since Patterson was being assaulted at the same time Johnson was, he was unable to identify the specific person or persons who attacked Johnson. However, Robert Freeman, an eye-witness, testified that he was personally acquainted with the defendant, Caleb Thompson, and that he had seen Thompson assault Johnson. Freeman said that Thompson first hit Johnson with his fists and then proceeded to beat him with a two-foot-long chain.

The basis for the dismissal of the charges, according to the district court, was that the prosecution had failed to establish that the defendant Thompson actually robbed Johnson and that the prosecution failed to prove that it was Thompson who broke the windows in the car. However, the district court did not take cognizance of the complicity statute and the joint participation of the various defendants in the attack on Johnson and Patterson. Section 18–1–603 provides a basis for criminal liability for participants in a crime and abolishes the distinction between principal and accessory by requiring that all participants be considered to be principals. Section 18–1–603, C.R.S.1973. To support responsibility under the complicity statute it is only necessary to prove that (1) the principal committed the crime, (2) knowledge by the complicitor that the principal intended to commit the crime, and (3) the complicitor having the requisite knowledge, did aid, abet or encourage the principal in the commission of the crime. *People v. Larson,* 194 Colo. 338, 572 P.2d 815 (1977); *People v. Martin,* 192 Colo. 491, 561 P.2d 776 (1977); *People v. Marques,* 184 Colo. 262, 520 P.2d 113 (1974).

Complicity is not a separate and distinct crime or offense under the criminal code and it is not necessary to specifically charge complicity. *People v. R.V.,* 635 P.2d 892 (Colo.1981). It is merely a theory by which a defendant becomes accountable for a criminal offense committed by another. *People v. R.V., supra; People v. Pepper, supra.* The prosecution produced evidence to establish probable cause that four individuals participated in the criminal episode and in the assault and robbery of Johnson. Evidence of the extensive damage to Johnson's automobile from the acts of the four defendants is uncontroverted. The prosecution did not have to prove that the defendant, Caleb Thompson, threw the first rock at Johnson's automobile, struck the first blow to effectuate a robbery, or that he profited from the acts of his partners in the assault and robbery to establish probable cause.

Accordingly, the case is remanded to the district court for further proceedings consistent with the directions contained in this opinion.