The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jake TRUJILLO, Defendant-Appellant.

No. 82CA1227.

Colorado Court of Appeals, Div. IV.

April 26, 1984.

Rehearing Denied May 24, 1984.

Certiorari Denied Sept. 4, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Jake Trujillo, appeals a judgment of conviction of aggravated robbery and a mandatory sentence for violent crime. Defendant raises two contentions on appeal: That the court improperly admitted irrelevant and prejudicial evidence, and that the jury was erroneously instructed on the *mens rea* requirement of aggravated robbery. We disagree and affirm.

The evidence at trial established that a man with a sawed-off shotgun robbed a north Denver fast food restaurant, afterwards fleeing on foot. A short time later, police officers saw defendant walking in the area. Because defendant resembled the description of the robber given by witnesses to the crime, he was taken to the restaurant for identification. However, after viewing defendant through a patrol car window, the same witnesses stated that he was not the robber. Nevertheless, a few days later these witnesses picked his picture from two separate photo lineups and identified him as the robber.

At trial, the restaurant manager testified that defendant had entered the restaurant about two weeks prior to trial, but that he had turned around and walked out as soon as he saw her. Defendant contemporaneously objected on the grounds that the testimony was irrelevant. The objection was overruled. Defendant later testified that he started to accompany his girl friend into the restaurant to buy food, but had changed his mind because of the pending trial.

Defendant argues that the admission of this evidence was error because it was irrelevant and prejudicial in that it tended to suggest a "consciousness of guilt" on the part of the defendant.

Evidence is relevant if it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," CRE 401, and relevant evidence generally is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice." CRE 403.

At trial, the only matter at issue was defendant's identity as the perpetrator of the offense. The challenged evidence is of consequence to identity because it could indicate that defendant recognized the manager from the robbery. Alternatively, when viewed in the context of the jury's instructions on identification evidence, it could raise questions with respect to the accuracy and basis of the manager's in-court and out-of-court identifications of defendant, particularly in light of defendant's testimony that he had been a fairly regular customer, and the manager's initial failure to identify him.

We reject to defendant's argument that this evidence is prejudicial because the jury could infer from it a consciousness of guilt.

It is the role of the jury to determine whether evidence indicates a consciousness of guilt, or can be otherwise explained. *See, e.g., People v. Lowe,* 660 P.2d 1261 (Colo.1983) (threats against a third party which show guilty knowledge); *People v. Gonzales,* 186 Colo. 48, 525 P.2d 1139 (1974) (escape from arresting officers admitted as evidence of consciousness of guilt).

■ *People v. Freeman,* 668 P.2d 1371 (Colo.1983) is dispositive of defendant's contention that the trial court's failure to restate the term "knowingly" before each of the enumerated elements of the aggravated robbery instruction constituted plain error. The instruction was framed in the statutory language and adequately informed the jury of the law, which is all that is required. *See also Blincoe v. People,* 178 Colo. 34, 494 P.2d 1285 (1972).

Judgment affirmed.

HODGES and SILVERSTEIN, JJ.,* concur.