The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Art GONZALES, also known as Jesus Martinez Garcia, also known as Arthur Rodriguez Martinez, Defendant-Appellant.

No. 85CA0134.

Colorado Court of Appeals, Div. II.

Sept. 4, 1986.

Rehearing Denied Oct. 2, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Art Gonzales, appeals a judgment of conviction entered upon a jury verdict of guilty of aggravated motor vehicle theft. His sole contention on appeal is that the trial court erroneously instruct-

385

ed the jury on complicity. We reverse and remand for a new trial.

The evidence at trial established that a police officer stopped a 1965 Chevrolet, driven by defendant, because its license plates were listed as belonging to a Ford. Defendant produced a title which matched the vehicle identification number (VIN) on the door plate. However, the plate appeared to have been tampered with, and there were wires hanging from the ignition. The officer arrested defendant and impounded the car. The following day, a police officer ascertained the true VIN from a confidential VIN hidden in the car. A computer check of this VIN revealed that the car had been stolen.

The court submitted to the jury the charge of aggravated motor vehicle theft. Defendant requested an instruction on the lesser included offense of "joyriding," contending that there was no direct evidence that he personally had altered the VIN. The trial court granted defendant's request for an instruction on joyriding. However, based on its belief that defendant could be criminally responsible for altering the VIN even if he had not himself altered it, the trial court also *sua sponte* instructed the jury on complicity.

Defendant contends that the submission of the complicity instruction was erroneous because there was no evidence that any other person was involved in the offense. The People concede that the instruction was erroneous, but argue that the error was harmless.

 In order for a jury to find a defendant guilty of an offense as a complicitor, it must find, among other things, that an offense has been committed, and a person other than the defendant committed all or part of it. Section 18–1–603, C.R.S. (1978 Repl. Vol. 8); *People v. Martin,* 192 Colo. 491, 561 P.2d 776 (1977). Because here there was *no* evidence with respect to another person, the submission of the complicity instruction was error. *See People v. White,* 632 P.2d 609 (Colo.App.1981).

 The prosecution argues that this error was harmless because there was overwhelming evidence of defendant's guilt, and there was no indication that the erroneous instruction influenced the jury. However, while we agree that there was strong evidence that defendant knowingly exercised control over the vehicle, there was no direct evidence that defendant himself had altered the VIN. It is, therefore, possible that the jury found defendant guilty of aggravated motor vehicle theft, rather than of "joyriding," in reliance on the complicity instruction. Hence, the error is not harmless beyond a reasonable doubt.

The judgment is reversed, and the cause is remanded for a new trial.

SMITH and KELLY, JJ., concur.