**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Jerald Randall BAKER and Michelle Griffis, Defendants–Appellees.**

**No. 91SA115.**

Supreme Court of Colorado,
En Banc.

July 15, 1991.

John Suthers, Dist. Atty. and Edward S. Colt, Deputy Dist. Atty. Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Guillermo R. Garibay and Yasmin S. Forouzander, Colorado Springs, for defendant-appellee Michelle Griffis.

Jerald Randall Baker not appearing.

Justice ERICKSON delivered the Opinion of the Court.

This is an interlocutory appeal pursuant to C.A.R. 4.1. The prosecution asserts that the district court erred in granting the motion to suppress filed by the defendants, Jerald Baker and Michelle Griffis. We reverse and remand with directions.

## I

Officer Erickson of the Colorado Springs Police Department received information from an informant that the driver of a tan 1983 Ford Bronco was selling narcotics at a local bar. On January 18, 1991, Officer Erickson observed the Bronco in downtown Colorado Springs and followed the vehicle intending to stop it if the driver committed any traffic infractions. Although Officer Erickson observed no traffic violations, a vehicle license check indicated that the Bronco was registered to Mary K. Baker and Jerald R. Baker. At Officer Erickson's request, the dispatcher "ran" the name Jerald Baker through the computer to determine whether there were any outstanding warrants for his arrest. Although the dispatcher reported no warrants for Jerald Randall Baker, a warrant for careless driving was issued for the arrest of Gerald Lee Baker.

The Bronco eventually stopped at a residence, which the driver entered. Officer Erickson radioed for the assistance of two other officers. Upon the arrival of the other officers, Officer Erickson, accompanied by Officer Yeater, knocked on the front door of the residence with the purpose of making an inquiry regarding the identification of the driver of the Bronco, and to determine whether there were indications of narcotic trafficking. Jerald Baker answered the door, and Officer Erickson asked if he could come into the house to discuss the outstanding warrant with him. Baker refused entry to the officers.

Officer Erickson smelled freshly burnt marijuana coming from inside the residence. When Officer Erickson told Officer Yeater that he smelt burnt marijuana, Baker yelled "[h]ey Babe, it's the cops," and attempted to push the front door shut. The officers prevented Baker from closing the door and forcibly entered the residence. Officer Yeater observed a tray that held a small line of white powder, marijuana, and a marijuana pipe. The officers arrested Jerald Baker and Michelle Griffis. Subsequently, they obtained a search warrant based on their observations at the defendants' home, and on the items in plain view that were seized.

The defendants were charged with possession of a schedule I controlled substance (psilocybin mushrooms), § 12–22–309, 5

C.R.S. (1985) and § 18–18–105, 8B C.R.S. (1986), possession of a schedule II controlled substance (methamphetamine) § 12–22–310, 5 C.R.S. (1985), and possession of more than eight ounces of marijuana, § 18–18–106(4), 8B C.R.S. (1986).

The defendants filed a motion to suppress, and after a hearing, the trial judge held that the officers had no legal basis to knock on the door of the residence, and no exigent circumstances existed to permit the officers to approach the residence. The trial court therefore granted the defendants' motion to suppress because the evidence was seized in violation of the defendants' fourth and fourteenth amendment rights, and in violation of article 2, section 25 of the Colorado Constitution. The trial court suppressed the narcotics seized and all evidence obtained as a result of the officers' entry into the home.

## II

■ An inquiry regarding the possibility of narcotics offenses is sufficient justification for an officer's entry upon the defendants' property. *Blincoe v. People,* 178 Colo. 34, 36–37, 494 P.2d 1285, 1286 (1972); [1] *see also Florida v. Terrance Bostick,* — U.S. —, —, 111 S.Ct. 2382, —, 115 L.Ed.2d 389 (1991). Knocking on the door of a residence for the purpose of investigating a crime is reasonable police conduct and does not infringe upon the occupant's right of privacy. *Blincoe v. People,* 178 Colo. at 36–37, 494 P.2d at 1286. The occupant of the residence retains the right to open the door, or to refuse to open the door, and therefore may not claim that he was detained against his will because of a failure to establish a reasonable and articulable suspicion. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Stone v. People,* 174 Colo. 504, 485 P.2d 495 (1971).

■ The primary issue is whether the trial court erred in finding that no exigent circumstances existed to justify a warrantless search of the residence. The trial

court found there were not sufficient exigent circumstances to justify the officers, knocking on the door of the residence. When the officers smelled burned marijuana, exigent circumstances justified the forcible entry.

In *People v. Boorem,* 184 Colo. 233, 237, 519 P.2d 939, 941 (1974) (citing *United States v. Rubin,* 474 F.2d 262 (3rd Cir. 1973)), we set forth factors to consider in determining whether exigent circumstances exist to justify a warrantless entry into a residence once a law enforcement officer has probable cause.

"The emergency circumstances will vary from case to case, and the inherent necessities of the situation at the time must be scrutinized. Circumstances which have seemed relevant to courts include (1) the degree of urgency involved and the amount of time necessary to obtain a warrant ...; (2) reasonable belief that the contraband is about to be removed ...; (3) the possibility of danger to police officers guarding the site of the contraband while a search warrant is sought ...; *(4) information indicating the possessors of the contraband are aware that the police are on their trail ...; and (5) the ready destructibility of the contraband and the knowledge 'that efforts to dispose of narcotics and to escape are characteristic behavior of persons engaged in the narcotics traffic.'"*

(Emphasis added.) *See also People v. Drake,* 785 P.2d 1257, 1264 (Colo.1990); *People v. Griffin,* 727 P.2d 55, 58 (Colo. 1986).

In this case, the officers had probable cause to believe a crime was being committed when they smelled burned marijuana. Defendant Baker was aware that the officers detected the smell of marijuana, alerted the defendant Griffis of the officers' presence, and then attempted to prevent the officers from entering the residence. These facts, combined with the readily destructible nature of marijuana and the pro-

1. In *Blincoe v. People,* we held that a trial court properly admitted evidence discovered in the plain view of officers who had entered the curti-

lage of a residence for the purpose of making an inquiry about stolen articles. 178 Colo. at 36–37, 494 P.2d at 1286.

pensity of narcotics traffickers to destroy evidence of contraband, provided the exigent circumstances justifying the warrantless entry into the residence and the subsequent search pursuant to a warrant.

Accordingly, we reverse the suppression order and remand to the district court for further proceedings consistent with this opinion.