The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Janice K. TAUBE, Defendant–Appellant.

No. 90CA0797.

Colorado Court of Appeals, Div. V.

June 18, 1992.

Rehearing Denied July 23, 1992.

Certiorari Granted Jan. 4, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge DAVIDSON.

Defendant, Janice K. Taube, appeals from a judgment of conviction entered upon a jury verdict finding her guilty of possession of cocaine. We reverse and remand.

Defendant was one of the targets of an investigation conducted by the South Metro Task Force involving allegations of cocaine dealing and trading cocaine for stolen property. In the course of the investigation, the officers discovered that the telephone listed at defendant's home address was being used to arrange drug transactions, but no evidence indicated that drugs were present in the home or that any transactions occurred there.

As a result of the investigation, a civil suit was initiated for abatement of defendant's home and its contents as a class one public nuisance pursuant to § 16-13-301, et seq., C.R.S. (1986 Repl.Vol. 8A). And, in that action, the People filed a motion for a temporary restraining order requesting the court to: 1) prohibit defendant from transferring, damaging, or destroying the house or its contents; 2) order the sheriff to seize and padlock the home and keep it under his care, custody, and control; 3) order that the sheriff may take an inventory of the seized premises by photograph and/or video.

The trial court granted the request for the temporary restraining order. Finding that "the use of the defendant's real property [constitutes] a class one public nuisance," it ordered, *inter alia*, that the sheriff "seize and padlock the real property." However, it struck the following provision from the form order:

It is further ordered that the seizing agency or its agents may take an inventory of the seized premises by still photograph and/or by video.

In striking this language, the court stated:

I am not prohibiting you from entering the premises. I am not authorizing you to enter those premises. That is a judgment which you will make, and the consequences of your judgment will be yours to live with.

I want the record to be clear that by striking [this] provision, I am neither prohibiting you nor directing you to conduct an inventory....

At the conclusion of the hearing, counsel for the People informed the court that there was no attempt to obtain a search warrant at that time because the People "didn't have sufficient recent information" that either controlled substances or stolen property could be at defendant's house.

During the execution of the temporary restraining order, and despite the court's deletion of the provision allowing such an inventory, the officers conducted a photograph and video inventory of the contents of the house. While conducting the inventory, the officers observed a safe on the floor of a bedroom closet. The door to the safe was open approximately one-half to one inch, and when an officer opened the door further, he discovered plastic bags containing cocaine and envelopes containing money. The officers also discovered contraband under a towel in an open desk drawer.

After photographing the items, the officers terminated the inventory and, later that day, obtained a search warrant. They then seized the contraband and defendant was charged with possession of cocaine.

Before trial, defendant filed a motion to suppress the evidence, contending, *inter alia,* that the officers violated the temporary restraining order by conducting an intensive warrantless search of the premis-

es. The trial court, with a different judge presiding, denied the motion, finding that a forfeiture proceeding is a civil matter and that different rules apply in civil matters than in criminal matters.

## I.

■ On appeal, defendant contends that the trial court erred in refusing to suppress the contraband. Specifically, she argues that police entry into her private residence to inventory its contents, without a search warrant or probable cause to believe that the contents of the home were related to any nuisance activity, constitutes a violation of her Fourth Amendment rights.

Whether such entry is valid when a home has been seized pursuant to a temporary restraining order issued in a civil forfeiture action is an issue of first impression in Colorado. Under the circumstances presented here, we agree with defendant that the entry was prohibited.

We first address the trial court's determination that forfeiture proceedings, being civil in nature, do not implicate the Fourth Amendment. In its order denying the motion to suppress, the trial court interpreted the first court order to mean that decisions concerning how a temporary restraining order is to be executed, such as whether or not to conduct an inventory, are "executive" in nature and solely the responsibility of the sheriff's department. We disagree.

■ The Fourth Amendment and Colo. Const. art. II, § 7, protect persons from unreasonable searches and seizures. With limited exceptions, the Fourth Amendment requires that, prior to a search or seizure by government agents, a warrant must be obtained from a neutral magistrate. The purpose of this requirement is to ensure that an intrusion upon an individual's privacy occurs only if there is probable cause to believe that evidence relevant to a crime is present at the location designated in the warrant. *See Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *People v. Quintana,* 785 P.2d 934 (Colo.1990).

■ The showing of probable cause necessary to secure a warrant may vary with the object and intrusiveness of the search, but the necessity for the warrant persists. *Michigan v. Tyler,* 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

■ Whether for administrative purposes, or to search for evidence of a crime, warrantless searches and seizures are presumptively invalid unless they fall within one of the few specifically delineated exceptions to the warrant requirement. *See Hoffman v. People,* 780 P.2d 471 (Colo. 1989). *See also Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) (inventory search exception); *People v. Baker,* 813 P.2d 331 (Colo.1991) (exigent circumstances exception); *People v. Harding,* 620 P.2d 245 (Colo.1980) (plain view exception). The prosecution bears the burden of establishing that a warrantless search by government officials falls within one of the exceptions. *See Hoffman v. People, supra.*

■ Contrary to the determination of the trial court, despite the civil nature of forfeiture proceedings, these constitutional protections are still applicable. *Marshall v. Barlow's, Inc.* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) ("the Fourth Amendment ... protects against warrantless intrusions during civil as well as criminal investigations"); *see also* Note, *The Forfeiture Exception to the Warrant Requirement: A Distinction Without a Difference,* 67 Va.L.Rev. 1035 (1981); Asset Forfeiture Office, Criminal Division, U.S. Department of Justice, *Asset Forfeiture: Law, Practice & Policy* 25 (1986) ("seizures of property for forfeiture must [be] 'reasonable' under the Fourth Amendment"). *See generally* H. Myers & J. Brzostowski, *Drug Agents' Guide to Forfeiture of Assets,* (U.S. Department of Justice Drug Enforcement Administration 1987).

■ Accordingly, in Colorado, a temporary restraining order may be issued to abate a nuisance and to secure property subject to forfeiture only *upon a showing of probable cause* to believe that such property is a public nuisance. Specifically,

the People must establish probable cause to believe that a substantial connection exists between the property to be forfeited and nuisance activity. Section 16–13–308(1)(a); 16–13–315(1), C.R.S. (1991 Cum. Supp.).

If the People meet this burden, then the trial court, in issuing a restraining order, has the authority to direct the seizing authority, where applicable, to close the public nuisance, to seize personal property, and to restrain the sale and transfer of the property. The court further has the authority to make provisions for the security of the property and to order that all contents of a public nuisance be stored on the premises.

In its order, the trial court here found that the defendant's home was being used as a class one public nuisance, ordered that the defendant restrain from disposing of the home, fixtures, contents, and personal property, and ordered that the real property be seized and padlocked. However, the trial court did not find probable cause that the contents of the house were a public nuisance or otherwise subject to forfeiture.

The People argue, however, that because the trial court did not prohibit the taking of an inventory of the contents, their entry to do so was authorized pursuant to the restraining order. On the other hand, defendant contends that the deletion of the inventory provision in the restraining order specifically prohibited the officers from conducting an inventory.

In our view, whether or not that provision was included is not the point. The temporary restraining order determined only that the real estate itself was used as a public nuisance and authorized only that the real estate be seized and padlocked. Accordingly, without a finding of probable cause that the contents were a nuisance, or without a search warrant based upon probable cause, the restraining order could not authorize either the seizure of the contents or their inventory. *See* § 16–13–308(1)(c), C.R.S. (1991 Cum.Supp.) (while the action for abatement of a public nuisance is pending, the court may order that all fixtures and contents of the public nuisance be *stored* on the premises); *G.M. Leasing Corp. v. United States,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *cf. People v. Bossert,* 722 P.2d 998 (Colo.1986) (entry onto property to inventory was authorized where trial court made an "express finding that all items located on defendant's property were used in conducting a public nuisance").

## II.

◼ Notwithstanding the absence of probable cause to seize the contents of the home, the People contend that the entry to defendant's home was justified under an inventory search exception to the warrant requirement. We disagree.

The validity of an intrusion must be tested against a standard of reasonableness. "The Fourth Amendment is not [a] guarantee against *all* searches and seizures, but only against *unreasonable* search and seizure." *United States v. Sharpe,* 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).

◼ The test is an objective one based on the totality of the facts and circumstances known to the officers at the time. *See Colorado v. Bertine, supra.* The appropriate inquiry is, on a case-by-case basis, to balance the intrusion on the individual's Fourth Amendment interests against the promotion of legitimate governmental interests. *Illinois v. Lafayette,* 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983).

◼ Here, the People correctly assert that a sheriff or officer who takes custody of property of another pursuant to a temporary restraining order issued under § 16–13–301 may be a constructive bailee of the property and may be sued for negligence for property lost or injured during the bailment. *Kessman v. City & County of Denver,* 709 P.2d 975 (Colo.App.1985). Accordingly, the People argue, an inventory of the seized premises is justified because it would protect the officers from claims or disputes over lost or stolen property. On the other hand, defendant argues that the strong privacy interest of defendant in her house outweighed any interests of the officers in protecting themselves

against disputes over lost or stolen property. *See Colorado v. Bertine, supra.* We agree with defendant.

We are aware of the fact that, upon a balancing of interests, inventory searches conducted without judicial authorization or a finding of probable cause occasionally have been authorized. However, in those circumstances, the inventory search involved the contents of moveable or easily destroyed property conducted after a lawful arrest based on probable cause. *See Colorado v. Bertine, supra* (inventory search of closed backpack); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (inventory search of glove compartment). *See also* A. Ahuja, *Civil Forfeiture, Warrantless Property Seizures, and the Fourth Amendment,* 5 Yale L. & Pol'y Rev. 428 (1987).

However, there is a "[traditional] distinction between automobiles and homes or offices in relation to the Fourth Amendment." *South Dakota v. Opperman, supra.* And, importantly, "the Fourth Amendment has drawn a firm line at the entrance to the house." *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Therefore, in contrast to situations involving automobiles or backpacks, the inventory search exception has not been applied to searches of a person's home. *United States v. Ladson,* 774 F.2d 436 (11th Cir.1985); *United States v. Parr,* 716 F.2d 796 (11th Cir.1983). *See United States v. Showalter,* 858 F.2d 149 (3rd Cir. 1988); *G.M. Leasing Corp. v. United States, supra; United States v. Martinez–Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). *But see United States v. One Parcel of Real Property,* 724 F.Supp. 668 (W.D.Mo.1989) (upon specific application to the trial court, government may conduct a limited inventory search of a building or house lawfully seized pursuant to forfeiture action).

One justification for this distinction is that, as was ordered here, a home can be reasonably secured by padlocking. More importantly, however, although there is a possibility of theft or vandalism of the contents of a home, the "legitimacy of this interest [does] not undercut the necessity

for a warrant to safeguard the substantial privacy interests implicated by any entry into a person's home by a governmental official." *United States v. Parr, supra; see also Illinois v. Lafayette, supra.* "We know of no authority which creates an inventory exception to the warrant requirement which pertains to one's home, rather than an automobile." *United States v. Showalter, supra.*

In *United States v. Ladson, supra,* the court addressed the propriety of a warrantless inventory search of a home. There, a government agent discovered drugs and drug paraphernalia during a warrantless inventory of a house seized pursuant to a civil forfeiture action. The court concluded that the seizure order of the house could not be read to extend the authority of the agent to enter the house without permission. Reasoning that the owners of seized real property do not lose their privacy rights to the contents stored on the premises pending outcome of the forfeiture, the court refused to extend the inventory exception to the search of a home: "Any other rule would permit government agents to circumvent the safeguards provided by the fourth amendment in any case involving the seizure of real estate."

Further, federal procedure manuals concerning asset forfeiture contain similar restrictions against warrantless inventory searches of homes: "A Fourth Amendment warrant authorizing entry and confiscation is *required* when the seizure of property for forfeiture involves an intrusion into an area where there is a legitimate expectation of privacy, even if the entry is simply for the purpose of conducting an inventory." Asset Forfeiture Office, Criminal Division, U.S. Department of Justice, *supra* at 32. *See* H. Myers & J. Brzostowski, *supra* at 144 (owners or occupants do not automatically lose their privacy rights in the premises pending the outcome of the forfeiture, nor do they lose their privacy rights as to their personal property stored on the premises). *See also* Strafer, *End–Running the Fourth Amendment,* 25 Am. Crim.L.Rev. 59 (1987).

Accordingly, we hold that the officers' warrantless entry into defendant's home to conduct an inventory without probable

cause was an unreasonable intrusion and violated the Fourth Amendment. Hence, the warrant subsequently issued on the basis of observations made during that entry is not sustainable, and the fruits of that warrant are inadmissible against defendant.

### III.

The People also contend that the evidence is admissible under the plain view exception to the warrant requirement. Again, we disagree.

 In order for evidence to be admissible under the plain view doctrine, the People must show: (1) a prior valid intrusion; (2) an inadvertent discovery of the evidence; and (3) a reasonable belief by the officer that the item is incriminating. *See People v. Bossert, supra.* Because we have determined that the officers' entry was invalid, the evidence is not admissible under this doctrine.

In light of our conclusion, we need not address defendant's remaining contentions.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

PLANK and ROTHENBERG, JJ., concur.