**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Edgar MENDEZ, Defendant–Appellant.**

**No. 95CA1543.**

Colorado Court of Appeals, Div. IV.

Oct. 16, 1997.

Rehearing Denied and Modified Jan. 2, 1998.

from in front of the door as the officer also pushed open the door. The two officers entered the room and defendant then ran into the bathroom and began to flush the toilet.

The police noticed syringes and a bag of what later was determined to be marihuana in open view on a dresser. One officer removed defendant from the bathroom and, while patting him down, pricked himself with a syringe in defendant's pocket. The officer arrested and handcuffed defendant and transported him to jail. When defendant was searched at the jail, a bag of cocaine was found in a trouser pocket.

Defendant was charged with illegal possession of the cocaine. At a hearing prior to the trial, the court denied defendant's motion to suppress evidence. At trial, the jury entered guilty verdicts as to both the cocaine charge and a charge, requested by defendant, of possession of marihuana.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Edgar Mendez, appeals a judgment entered on jury verdicts finding him guilty of possession of a controlled substance/cocaine and possession of a controlled substance/marihuana. We affirm.

As the police were investigating an unrelated complaint in a Denver motel at which defendant was staying, two officers detected the strong odor of burning marihuana emanating from the room defendant was renting. The manager of the motel was summoned and asked to admit the police to the room.

After first knocking on the door, the manager used his key to unlock the door of the room. One officer removed the manager

I.

Defendant contends that the trial court erred in admitting evidence that was the fruit of an illegal entry, search, and arrest. In denying defendant's motion to suppress, the trial court found that, though there was a nonconsensual, warrantless entry, the entry was legal because there were probable cause and exigent circumstances sufficient to justify the entry. We agree with the trial court.

The warrantless entry here involved defendant's motel room, as to which defendant is entitled to Fourth Amendment protection. *See People v. Montoya,* 914 P.2d 491 (Colo.App.1995)(hotel or motel room renter has legitimate expectation of privacy during rental period).

In order for a warrantless entry into a home or motel room to meet the strictures of the Fourth Amendment, the state must prove that probable cause existed to believe that a crime had been committed, and that exigent circumstances existed that justified the police acting in the absence of a warrant. *People v. O'Hearn,* 931 P.2d 1168 (Colo.1997). *See Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984).

■ The determination whether probable cause exists requires the court to consider the totality of the circumstances at the relevant time. *People v. Fortune,* 930 P.2d 1341 (Colo.1997).

■ If the police have a reasonable suspicion that relevant evidence is in imminent danger of being destroyed before a warrant could issue, the exigent circumstances sufficient to justify a warrantless entry exist. *People v. Crawford,* 891 P.2d 255 (Colo.1995). *See People v. Baker,* 813 P.2d 331 (Colo.1991)(involving marihuana).

The totality of the circumstances demonstrates that probable cause existed such that a reasonable and prudent police officer would believe that a crime was being committed. Among the circumstances supporting the probable cause determination is that the strong smell of marihuana occurred in a transient motel, located in a neighborhood known by police for criminal activity, including a high incidence of drug trafficking. *See People v. Baker, supra.*

In the *Baker* case, our supreme court held that a warrantless entry was justified because the smell of burning marihuana, which formed the basis for probable cause, also constituted an exigent circumstance because of the risk of immediate destruction of evidence. The *Baker* court specifically noted the readily destructible nature of marihuana and the propensity of narcotic traffickers to destroy evidence of contraband.

■ Defendant argues, however, that § 18–18–406(10), C.R.S.1997 precludes a finding of probable cause based on the smell of burning marihuana. He asserts that the legal purposes approved by the statute render unreasonable any determination of probable cause based, as here, on the smell of burning marihuana. We are not persuaded.

Section 18–18–406(10) states as follows:

The provisions of this section shall not apply to any person who possesses, uses, prescribes, dispenses, or administers any drug [such as marihuana] approved by the federal food and drug administration.

The impact of the statute is to approve certain uses of otherwise illegal drugs that have medicinal purposes as certified by the National Cancer Institute and the Food and Drug Administration.

We discern no intention on the part of the General Assembly, based on the plain language of the entire statutory scheme dealing with marihuana and other scheduled substances, to bar a finding of probable cause based on the smell of burning marihuana. And, it is unlikely that the General Assembly had any such intention because, even with the statutory recognition of legal purposes for marihuana under very limited circumstances, most uses of the scheduled substance continue to be in contravention of the law.

Also, under § 18–18–406(10), the legal use of marihuana is an affirmative defense and has no direct relevance to a police officer's initial determination of probable cause. Thus, the defendant had the duty to raise legal medicinal use as an affirmative defense at trial and to present sufficient evidence thereof so as to require the prosecution to prove the non-existence of the affirmative defense. *See People v. Reed,* 932 P.2d 842 (Colo.App.1996). He presented no such evidence.

■ We also conclude that exigent circumstances existed here.

The record reveals that the police reasonably believed that evidence would be destroyed before a warrant could issue. This belief finds support in the fact, documented in the record, that when the door to his motel room was being opened, defendant ran to the bathroom and flushed the toilet. *See People v. Williams,* 200 Colo. 187, 613 P.2d 879 (1980).

Furthermore, we are not limited in our review of probable cause and exigent circumstances by the fact that the prosecution relied on a consensual entry theory. The record adequately supports the trial court's finding that the prosecution has proven the existence of probable cause and exigent circumstances sufficient to justify a warrantless entry. *See People v. Gennings,* 808 P.2d 839 (Colo.1991).

We also reject defendant's argument, made in reliance on *Welsh v. Wisconsin,* 466

U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), that there exists an absolute ban on warrantless entries for petty offenses.

In *Welsh,* the United States Supreme Court opined that a warrantless entry concerning a civil traffic offense violated the Fourth Amendment because there were no exigent circumstances sufficient to justify the entry. The court stated that the application of the exigent circumstances exception should rarely be sanctioned when there is probable cause to believe that only a minor offense of the kind at issue there has been committed. However, the court expressly limited its holding to the types of minor civil offenses in which no imprisonment was possible, at issue in that case and did not establish an absolute bar to the application of the exigent circumstances exception to the requirement of a warrant to enter premises, particularly as to suspected commission of criminal offenses, even of a minor nature. Thus, the *Welsh* case is distinguishable from the instant case.

Here, the circumstances described above plainly supported defendant's arrest without a warrant. The facts within the knowledge of the officers were sufficient to support a reasonable belief that marihuana possession and additional drug possession crimes were being committed.

Accordingly, the trial court properly denied defendant's motion to suppress this evidence.

## II.

■ Defendant also contends that the trial court erred in admitting certain testimony that he asserts constituted evidence of prior criminality, and also that the court erred in denying his mistrial motion based on this testimony. We find no abuse of discretion.

At trial, one of the arresting officers testified that, when he and his fellow officer entered the room and encountered defendant, his arms "were covered with track marks.... They were probably the worst track marks I've ... ever seen. They were like open weeping wounds on both insides of his arms."

The trial court initially sustained defendant's objection to testimony concerning "track marks," generally, because it was evidence of prior criminality. However, the testimony noted above was allowed into evidence as part of the *res gestae.*

■ *Res gestae* evidence is evidence of acts that are a part of the criminal episode or transaction with which the defendant is charged. Such evidence includes that which is closely related in time, nature, and circumstances to the charged offense, and is admissible to provide the factfinder with a complete understanding of the events surrounding the crime and the context in which the charged crime occurs. *People v. Quintana,* 882 P.2d 1366 (Colo.1994); *People v. Ornelas,* 937 P.2d 867 (Colo.App.1996). *See People v. Rollins,* 892 P.2d 866 (Colo.1995)(evidence that is contemporaneous with and serves to illustrate character of crime charged is *res gestae*).

■ Evidence that is considered part of the *res gestae* of an offense is not subject to the general rule that evidence of prior criminality is excluded. Rather, such evidence is admissible if it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice. Its admission will not be overturned on appeal absent an abuse of discretion. *People v. Quintana, supra.*

■ Mistrial is a drastic remedy and warranted only when the prejudice to the accused is too substantial to be remedied by other means. The trial court has broad discretion to grant or deny a mistrial, and its decision will not be disturbed on appeal, absent a gross abuse of discretion and a showing of prejudice to the defendant. *People v. Collins,* 730 P.2d 293 (Colo.1986); *People v. Burke,* 937 P.2d 886 (Colo.App.1996).

We agree with the trial court that, here, the evidence was admissible.

The challenged evidence provided the factfinder with a complete understanding of the circumstances and context of the crime charged. *See People v. Ornelas, supra.*

We note that the trial court expressly limited the testimony to that concerning fresh

needle marks and find no abuse of discretion in the admission of the testimony, *see People v. Quintana supra,* nor in denial of the motion for mistrial. *See People v. Collins, supra.*

Accordingly, the judgment is affirmed.

KAPELKE and ROY, JJ., concur.