FILED
United States Court of Appeals
Tenth Circuit

November 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARWYNN L. BARWICK,

      Plaintiff–Appellant,

v.

JEFFERY BEHNKE, D.P.O. No. 96003;
MICHAEL MAY, D.P.O. No. 00045,

      Defendants–Appellees.

No. 13-1241
(D.C. No. 1:11-CV-00355-PAB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**\*

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Darwynn L. Barwick, proceeding pro se, appeals the district court's grant of

summary judgment in favor of Jeffery Behnke and Michael May, two Denver police

officers (together, "Officers").  Barwick, an African-American, alleges that his arrest

on July 27, 2010 violated the Equal Protection Clause of the Fourteenth Amendment

because he was arrested due to his race.  The district court granted summary

---

\*      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment in favor of the Officers. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

**I**

On July 27, 2010, Barwick and his neighbor, Scott Sickler, were involved in a fistfight. Barwick recounted that Sickler knocked on his door and, using profanity, told him to do something about his barking dog. He responded, also using profanity, that Sickler should get off his property. Barwick claims that Sickler chest-bumped him and reached for something in his pocket. A fight ensued and they fell off the porch, knocking over a neighbor's grill.

Sickler stated that he went to Barwick's house to talk to him about his barking dog. Barwick told him to mind his own business and get off his property. Sickler was preparing to call the authorities on his cell phone when Barwick hit him, pushing him into the grill. The grill's owner, Robert Jenkins, joined the fight, kicking Sickler in the face while Barwick was hitting him.

A different neighbor, Ebony Cunningham, witnessed the incident and told police that he saw Barwick hit Sickler, knock him to the ground, and grab him around the chest. The combatants knocked over Jenkins' grill, at which point Jenkins came outside yelling and brandishing a hunting knife. Cunningham intervened to prevent Jenkins from using the knife and Jenkins went back inside.

Police officers arrived and broke up the fight. The officers took statements from the three fight participants and Cunningham. Among the police officers

- 2 -

responding to the fight were defendants Behnke and May. After talking to those involved, they decided to arrest Barwick and Jenkins for assault. The city attorney later dismissed the charges against Barwick.

Barwick sued, alleging that he was arrested because of his race and pointing out that Sickler, a Caucasian, was not arrested. He claimed that his arrest violated the Equal Protection Clause. To demonstrate the Officers' racial bias, Barwick argued: (1) the Officers ran a criminal check on him but not Sickler, even though a check of Sickler's criminal history would have revealed a prior conviction for domestic violence; (2) Officer Behnke "noticeably glared at" him; and (3) the Officers did not interview any neighbors other than Cunningham.

A magistrate judge recommended granting the Officers' motion for summary judgment. When neither party objected to the recommendation, the district court entered judgment in favor of the Officers. Barwick then filed a motion to reopen the case, asserting that he had not received the magistrate judge's recommendation and that he wished to file objections. The district court granted Barwick's motion and considered his objections. It again granted summary judgment in favor of the Officers.

Barwick appeals, claiming: (1) the district court erred in adopting the magistrate judge's recommendation before he had an opportunity to file objections; (2) summary judgment on his equal protection claim was improper; and (3) his arrest was prohibited by Colorado's "make my day" laws.

## II

"We review the district court's summary judgment order de novo, and apply the same legal standards as the district court." Ribeau v. Katt, 681 F.3d 1190, 1194 (10th Cir. 2012) (quotation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

We liberally construe Barwick's pro se filings. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

## A

Barwick asserts error in the district court's initial entry of judgment before receiving his objections to the magistrate judge's recommendation. But the district court granted his motion to reopen the case and considered his objections. Because the district court has already granted Barwick appropriate relief on this claim and he has not suffered any prejudice, we do not address this issue.

---

[1]     To the extent the facts stated "under the penalty of perjury" in Barwick's opening brief differ from the evidence presented to the district court, we do not consider them. See Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision.").

**B**

Barwick also challenges the entry of summary judgment against him on his selective-enforcement claim. "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 813 (1996). To succeed on a claim of racially selective law enforcement, a plaintiff must "demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003). "[T]he standard for proving a selective-enforcement claim" is "a demanding one." United States v. Alcaraz-Arellano, 441 F.3d 1252, 1264 (10th Cir. 2006) (quotation omitted).

Barwick relies on his subjective belief that he was arrested because of his race. He conceded in his deposition that neither officer made racially derogatory remarks to or about him and that neither officer physically harmed him. He claims racial motivation was demonstrated by the Officers' failure to interview any neighbors other than Cunningham, but Barwick has not identified anyone else who witnessed the relevant events and was willing to make a statement.

Barwick further claims that the Officers singled him out when they checked his criminal history but failed to check Sickler's, which he contends would have been relevant to their decision of whether to arrest Sickler. But he has produced no evidence that the Officers' decision not to check Sickler's criminal history was racially motivated.

Barwick's remaining evidence of racial motivation is his claim that Officer Behnke glared at him. We agree with the district court's assessment that this is "not evidence from which a jury could reasonably infer that [the Officers] were motivated by a racially discriminatory motive." Barwick v. Behnke, No. 11-CV-00355-PAB-KLM, 2013 WL 2317320, at *2 (D. Colo. May 28, 2013) (unpublished); see Gardenhire v. Schubert, 205 F.3d 303, 320 (6th Cir. 2000) (rejecting as insufficient to show discriminatory purpose plaintiffs' evidence that the defendant-officer gave them "condescending glares" and told them to "get out of town").

Barwick's evidence of discriminatory motivation was insufficient to withstand summary judgment. Thus, the district court properly declined to address whether the Officers' actions had a discriminatory effect. See United States v. James, 257 F.3d 1173, 1181 (10th Cir. 2001) (stating that court did not need to consider whether evidence showed discriminatory intent where litigant failed to demonstrate discriminatory effect). Accordingly, we affirm summary judgment in favor of the Officers on Barwick's race-based equal protection claim.

## C

Finally, Barwick claims that his arrest contravened so-called "make my day" laws. He relies on Colo. Rev. Stat. §§ 18-1-704 through 18-1-705, which provide that an occupant of a dwelling can, under specified circumstances, use force against an intruder. Barwick argues that because Sickler was on his porch, he could not be arrested for using force.

The Officers assert that this argument was raised too late because Barwick did not articulate it until after the magistrate judge issued a recommendation to grant them summary judgment. The district court briefly addressed the argument, concluding that the Colorado statutes were not relevant to the legality of Barwick's arrest. We agree with the district court on the merits.

"The issues of justification or exemption from criminal liability under sections 18-1-701 to 18-1-709 are affirmative defenses." Colo. Rev. Stat. § 18-1-710. "The make-my-day statute creates an immunity defense when raised before trial as well as an affirmative defense when raised at trial." People v. Zukowski, 260 P.3d 339, 346 (Colo. Ct. App. 2010); accord Wood v. People, 255 P.3d 1136, 1139-40 (Colo. 2011). But the make-my-day law does not prohibit police from making arrests.

The potential availability of an affirmative defense under the make-my-day law does not undermine the district court's finding that the Officers had probable cause to arrest Barwick, a finding he does not challenge. Cf. People v. Mendez, 948 P.2d 105, 108 (Colo. Ct. App. 1997) (stating "the legal use of marihuana is an affirmative defense and has no direct relevance to a police officer's initial determination of probable cause"), aff'd, 986 P.2d 275 (Colo. 1999); People v. Adams County Court, 767 P.2d 802, 804 (Colo. Ct. App. 1988) (concluding materials which relate to an affirmative defense are "not relevant to the issue of probable cause"). The district court did not err in rejecting Barwick's make-my-day argument.

## III

We **AFFIRM** the judgment of the district court.  Because Barwick has not advanced a reasoned, nonfrivolous argument on appeal, his motion to proceed in forma pauperis is **DENIED**.  See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  Barwick is directed to make full payment of the appellate filing fee immediately.

Entered for the Court


Carlos F. Lucero
Circuit Judge